J. Irwin Shapiro, J.
This is a motion for ‘ ‘ an order dismissing the complaint on the ground that there is an existing final judgment or decree, of a Court of competent jurisdiction, rendered on the merits and determining the same cause of action between the parties. ”
The plaintiff here was the defendant in a Municipal Court action; the defendant here was the plaintiff there. That action was settled by a stipulation on the record which provided for the entry of judgment upon any default. The defendant there (plaintiff here) defaulted and a judgment was entered against him. He moved to vacate that judgment and his motion was denied. The opinion of denial reads in part: ‘ the stipulation of settlement terminated the action and brought into being a new contract and that such stipulation may not be set aside except for reason that would invalidate any contract, such as fraud, and that the Court has no power to test this stipulation and that the denial is without prejudice to any rights defendant may have pursuant to law. ’ ’
This action is now brought, among other things, to obtain judgment “ that the stipulation of settlement entered upon the record in said Municipal Court action be vacated and set aside. ’ ’
Even if no heed is paid to that portion of the decision which reads ‘ that the denial is without prejudice to any rights defendant may have pursuant to law ’ ’, the judgment of the Municipal Court is no bar to the maintenance of this action. If it were, no judgment entered upon a stipulation could ever be set aside, under the circumstances of this case, for a motion would not lie (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435); and if there were no remedy by an action in equity, a party who claimed some impropriety in the stipulation would be completely helpless.
That is not the law. The remedy under such circumstances is that pursued by the plaintiff here, to wit, the bringing of a plenary suit in equity to try out the issue of the circumstances under which the stipulation of settlement was made, the theory being that “ the stipulation settling the prior action terminated that litigation and brought into being a new contract. (Hegeman v. Conrad, 284 App. Div. 969.) “ That stipulation may not be set *753 aside except for reasons that would invalidate a contract, such as fraud or overreaching.” (Hegeman v. Conrad, 1 A D 2d 788 [2d Dept.].)
Since the court has passed on defendant’s motion on the merits, it is not necessary to consider the plaintiff’s contention that the motion was not timely made. The ¡sufficiency of the complaint, per se, has not been considered, since there is no prayer for such relief. The motion is denied.
Submit order.